# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOU CHAO VUE, | ) Case No.: 1:16-cv-00155-BAM |
| Plaintiff, | ) |
| v. | ) **ORDER REVERSING AGENCY'S DENIAL OF BENEFITS AND ORDERING REMAND** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## **INTRODUCTION**

Plaintiff Tou Chao Vue ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act, respectively.[1] The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[2] Having carefully considered the parties' briefs as well as the entire record in this case, the Court finds that the Administrative Law Judge ("ALJ") erred in finding that the Plaintiff is capable of performing his past relevant work. Accordingly, the ALJ's decision is REVERSED and the case REMANDED for further proceedings consistent with this Order.

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn Colvin as the defendant in this suit.
[2] The parties have consented to the jurisdiction of the United States Magistrate Judge. (Docs. 7, 9).

1

# BACKGROUND

### A. Procedural Posture

On May 11, 2012, Plaintiff filed applications for SSI and DIB benefits alleging disability beginning June 1, 2007. AR 260. Plaintiff's claims were denied both initially on October 11, 2012, and upon reconsideration on April 12, 2013. AR 71. Plaintiff requested and received a hearing before the Administrative Law Judge ("ALJ"). AR 23. On August 8, 2014, the ALJ issued an order denying benefits. AR 20. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. AR 1-4. This appeal followed.

### B. Hearing Testimony

On June 12, 2014, ALJ Danny Pittman, presided over a hearing in Fresno, California. AR 39. Plaintiff appeared and testified. AR 39. Plaintiff was represented by attorney Jeffrey Milam in Fresno, California. AR 39. Cheryl Chandler, a vocational expert, also appeared and testified from Fresno. AR 39. Chi Yah, a Hmong interpreter, interpreted the proceedings for Plaintiff. AR 39.

Plaintiff was born on June 15, 1963 and was 50 years old at the time of the hearing. AR 41. He lives in a house in Merced, California with his wife and four children. AR 42. After immigrating to the United States, Plaintiff later attended four years of adult school in Modesto, California. AR 43. He testified that he never attended elementary school, nor did he acquire vocational training or enlist in the military. AR 43, 44. When Plaintiff was asked whether he could read or write, Plaintiff responded that he understands only a "little bit" of English. AR 43.

Plaintiff's last held jobs were as follows: in the year 2000, Plaintiff worked for Service Master Building Maintenance. There, Plaintiff cleaned bathrooms and did housekeeping "halftime." AR 44, 45. In 2001, Plaintiff worked for "Ronald Resh" four hours per day painting and carpeting. AR 45. In 2003 and 2004, Plaintiff worked for Pelton Shepherd Industries where he assembled boxes by hand. AR 45, 46. In 2005, Plaintiff worked full time for Simple Designs Manufacturing cleaning houses and doing housekeeping. AR 45. In 2006, Plaintiff worked full time with Cottage Bakery "putting trash away." AR 45, 46.

When asked about his physical impairments, Plaintiff testified that he suffers from headaches, backaches, and depression. AR 47, 48. To treat his headaches, Plaintiff testified that he lies down and

takes 500 milligrams of Tylenol and 600 milligrams of Ibuprofen. AR 48. He also has an intense fear of dogs stemming from a previous dog attack. AR 47. His headaches predate the dog attack, but the dog attack has increased his symptoms. AR 49. Despite his headaches, Plaintiff manages to attend church once or twice per month and goes to the grocery store with his children. AR 50, 51. He however does not participate in his children's school events. AR 51.

Thereafter, the ALJ elicited testimony of Cheryl Chandler, the vocational expert ("VE"). AR 54. The VE identified Plaintiff's past jobs as industrial cleaner, janitorial, and hand packager. AR 54. The ALJ asked the VE whether a hypothetical person with the same age, education, and work background as Plaintiff who was restricted to simple, routine tasks, with limited public contact and occasional interaction with co-workers and no contact with dogs could perform Plaintiff's past work. AR 54-55. The vocational expert answered, "Yes, your honor, the janitorial would have skill levels that would exceed the simple repetitive. The other two jobs would remain." AR 55. When asked whether there would be other work for this hypothetical person, the VE answered that the hypothetical person would also be able to perform work as a kitchen helper, scrap sorter, and packaging sealer. AR 55. The VE and the ALJ did not discuss the Plaintiff's literacy during their exchange. AR 54-59.

### C. Medical Record

The entire medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision. AR 317-571.

### D. The ALJ's Decision

On August 8, 2014, the ALJ issued a decision finding that Plaintiff had not met his burden to show that he was disabled within the meaning of the Social Security Act. Specifically, the ALJ made the following relevant findings:

1. Plaintiff has not engaged in substantial gainful activity since June 1, 2007, the alleged onset date (20 CFR 416.971 *et seq.*);
2. Plaintiff has the following severe impairments: post-traumatic stress disorder and depressive disorder (20 CFR 404.1520(c) and 416.920(c));

3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR 404, Subpart P, App. 1 (20 CFR 416.920(d), 416.925 and 416.926);
4. Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant is limited to simple routine tasks with limited public contact and occasional interaction with co-workers. He should not perform work around dogs. There are no exertional limitations as defined on a function-by-function basis in 20 CFR 416.967(b);
5. Plaintiff is capable of performing past relevant work as a hand packager and industrial cleaner. This work does not require the performance of work related activities precluded by Plaintiff's RFC (20 CFR 404.1565 and 416.965);
6. Plaintiff is not able to communicate in English, and is considered in the same way as an individual who is illiterate in English (20 CFR 416.964). Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2);
7. Plaintiff has not been under a disability, as defined in the Social Security Act, from June 1, 2007, through the date of the decision. (20 CFR 416.920(f)).

## **SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n.10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered,

weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). This Court must uphold the decision if the ALJ applied the proper legal standards and made findings supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## **DISABILITY STANDARD**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## **DISCUSSION**

Plaintiff's appeal challenges the ALJ's decision on two grounds: (1) the ALJ erroneously found that he could perform his past relevant work despite a finding that Plaintiff is illiterate and (2) the ALJ failed to provide legally sufficient reasons for rejecting the opinions of his treating physicians. (Doc. 17 at 6-14).

### 1. **The ALJ Improperly Relied on the Testimony of the Vocational Expert**

Plaintiff challenges the ALJ's finding that he could return to his past relevant work because according to the Dictionary of Occupational Titles ("DOT"), the jobs cited by the vocational expert require language skills that exceed Plaintiff's limitations in communicating in English. (Doc. 17 at 11-12). In response, the Commissioner argues that any conflicts between the DOT and the VE testimony were harmless because Plaintiff retained the capacity to perform his past relevant work as he had actually performed it. (Doc. 21 at 12-14).

///

### A. Legal Standard

At step four of the disability determination, it is the claimant's burden to demonstrate they cannot perform their past relevant work. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). Nonetheless, the ALJ must elicit the relevant facts to support his ultimate conclusions. *Id.* An ALJ may rely on the testimony of a vocational expert to determine if a claimant can perform his past relevant work. *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007). A vocational expert's testimony generally should be consistent with the DOT. However, if vocational expert testimony deviates from the DOT and is reasonable and supported by persuasive evidence in the record, the ALJ may rely upon such testimony. *Id; see also,* Social Security Ruling 00-4p. If the ALJ relies on a VE's testimony containing such deviations, the deviations must be addressed and explained definitively. *See Pinto*, 249 F.3d at 847; *Moua v. Colvin,* No. 1:13-cv-373-BAM, 2014 U.S. Dist. LEXIS 87326, 2014 WL 2890516 (E.D. Cal. Jun. 24, 2014).

### B. Analysis

Here, the ALJ found that Plaintiff could perform his past relevant work as a hand packager and an industrial cleaner. AR 30. The hand packager job, a Language Level 1 position, requires basic literacy or an ability to read about 100 words a minute, and the ability to write simple sentences. The industrial cleaner job, a Language Level 2 position, requires reading at a rate of 190-215 words a minute and the ability to write compound and complex sentences. Dictionary of Occupational Titles, App. C—Components of the Definition Trailer. Despite the ALJ's conclusion that Plaintiff was illiterate in English, the ALJ did not include any reference to Plaintiff's inability to speak English in his hypotheticals to the VE during the hearing. AR 43-59, 389. Nor did he explain why he deviated from the DOT's language requirements when finding that Plaintiff could perform his past relevant work.

Aside from mentioning that Plaintiff must be "considered in the same way as an individual who is illiterate in English," no further discussion of Plaintiff's literacy took place during the hearing or in the ALJ's subsequent decision. AR 31. Thus, while the ALJ opined that Plaintiff could return to his past work as a hand packager and industrial cleaner, the VE did not explain whether these jobs could also be performed by someone who was illiterate because neither the ALJ nor the VE addressed

the impact of Plaintiff's illiteracy. In reviewing this evidence, the Court finds that the ALJ's decision that Plaintiff could perform his past work was in error. *Moua*, 2014 U.S. Dist. LEXIS 87326, 2014 WL 2890516, at **4-7.

Previously, this Court has determined an ALJ cannot rely upon the testimony of a vocational expert when there is no explanation of how a claimant's illiteracy affects the ability to perform work identified by the expert. *See, e.g. Mendoza v. Colvin,* No. 1:13-cv-01213-SKO, 2015 U.S. Dist. LEXIS 37180, 2015 WL 1320093 (E.D. Cal. Mar. 23, 2015); *Singmuongthong v. Astrue*, 2010 U.S. Dist. LEXIS 102073, 2010 WL 3715152 (E.D. Cal. 2010); *Her v. Astrue*, 2010 U.S. Dist. LEXIS 92044, 2010 WL 328841 (E.D. Cal. 2010). For example, in *Mendoza,* while the ALJ found that Plaintiff could not speak English, the ALJ failed to include Plaintiff's illiteracy as a limitation in the hypotheticals to the VE nor did he address Plaintiff's illiteracy in his decision. 2015 U.S. Dist. LEXIS 37180, 2015 WL 1320093 at *19. The matter was remanded so the ALJ could consider whether the fact that Plaintiff "is not able to communicate in English" impairs her ability to perform medium, unskilled work in any of the "representative occupations" the ALJ lists. *Id.*

In *Singmuongthong*, the evidence established that the claimant was illiterate, though her past work required Language Level 1. 2010 U.S. Dist. LEXIS 92044, 2010 WL 328841 at *7. The ALJ asked the vocational expert to consider the plaintiff's language levels, but failed to explain the deviation from the Dictionary of Occupational Titles in finding that the claimant was able to perform work requiring Language Level 1. *Id*. Therefore, the matter was remanded for further proceedings. *Id.*

Similarly, in *Her v. Astrue*, the ALJ asked the vocational expert to consider the claimant's language when determining the ability to perform past work. *Id.*, 2010 U.S. Dist. LEXIS 92044, 2010 WL 328841 at *6. Although the claimant's past work required Language Level 1, the vocational expert affirmed the availability of past work, without any discussion concerning the deviation. 2010 U.S. Dist. LEXIS 92044, [WL] at *5-6. As Defendant does here, it was argued that the claimant's alleged language limitations were irrelevant because the claimant performed her past work despite her illiteracy. 2010 U.S. Dist. LEXIS 92044, [WL] at *6. The Court explained that "[s]uch a statement is not persuasive evidence to support a deviation from a DOT requirement. Although a claimant is not *per se* disabled if he or she is illiterate, the ALJ must definitively explain why he or she deviates from

the DOT's language requirements when finding that a claimant can perform her past relevant work." 2010 U.S. Dist. LEXIS 92044, [WL] at *6.

As in *Mendoza*, *Singmuongthong*, and *Her*, the record here fails to establish that Plaintiff would be able to perform the work identified by the vocational expert given his illiteracy. The ALJ found that Plaintiff is not able to communicate in English and is considered in the same way as an individual who is illiterate in English. However, the ALJ failed to ask the vocational expert to consider Plaintiff's illiteracy. In addition, the vocational expert did not offer any testimony regarding whether one who is illiterate could work as a hand packager, industrial cleaner, or any other position while being illiterate.

Although it is somewhat reasonable to assume, as Defendant argues, that if Plaintiff has demonstrated an actual ability to perform this work in the past despite his lack of English language proficiency, he should be able to perform that same work in the future, the impact of Plaintiff's illiteracy on his ability to perform his past relevant work as actually performed was not given express consideration by the ALJ or the VE. For an ALJ to properly rely on VE testimony that deviates from the DOT the ALJ must determine whether the VE's explanation for the conflict is reasonable and whether there exists a basis for accepting the VE's testimony over the information contained in the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007) (citing SSR 00–4p). The ALJ failed to do so here and consequently, the testimony of the VE has no evidentiary value for the ALJ's conclusion that Plaintiff is able to perform his past work or other work in the national economy. Accordingly, the ALJ's finding that Plaintiff could perform his past relevant work as a hand packager or industrial cleaner is not supported by substantial evidence.

### 2. Remand is Appropriate

The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (*citing INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353, 154 L. Ed. 2d 272 (2002)). Generally, an award of benefits is directed when:

(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). In addition, an award of benefits is directed where no useful purpose would be served by further administrative proceedings, or where the record is fully developed. *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

The ALJ failed to resolve a conflict between the vocational expert's testimony and the language levels required under the Dictionary of Occupational Titles. Based upon the record, the Court is unable to determine whether Plaintiff is able to perform work existing in significant numbers in the national economy. Accordingly, a remand for further proceedings is appropriate in this matter. *See Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015) (an ALJ's failure to reconcile apparent conflict was not harmless where the Court "cannot determine [from the record] whether substantial evidence supports the ALJ's step-five finding").

### **CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that the ALJ's decision at step four that Plaintiff could perform his past relevant work is not supported by substantial evidence. Remand is therefore necessary for the ALJ to reconsider the impact of Plaintiff's illiteracy and inability to communicate in English on his ability to work. Accordingly, the decision is **REVERSED** and the case **REMANDED** to the ALJ for further proceedings. On remand, the ALJ will address whether Plaintiff can perform his past relevant work in a manner consistent with this Order. Additionally, though not addressed in this Order, on remand the Commissioner is ordered to reevaluate the medical evidence and provide sufficiently adequate reasons for adopting or rejecting the opinions of Plaintiff's treating physicians.

The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Tou Vue, and against Nancy A. Berryhill, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **August 3, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE