UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOU CHAO VUE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No.: 1:16-cv-00155-BAM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT** |

## I. INTRODUCTION

Pending before the Court is Defendant's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) (the "Motion"). (Doc. 24.) For the reasons provided below, the Court DENIES this Motion.

## II. BACKGROUND

The Court previously provided the full factual background for this case in its order entered on August 4, 2017. (See Doc. 22). As pertinent here, an administrative law judge (the "ALJ") determined Plaintiff was not disabled under the Social Security Act, and issued an order denying benefits on August 8, 2014. (Doc. 11–3 at 11–18). During the residual functional capacity ("RFC") discussion at step four of the sequential evaluation analysis, the ALJ, relying on the vocational

1

expert ("VE") found that Plaintiff could return to his past relevant work as a hand packager and industrial cleaner. (Doc. 11-3 at 8). The ALJ stated the following regarding the VE's testimony:

> Ms. Chandler, the vocational expert, testified that the claimant's work as an industrial cleaner was medium unskilled work; janitor was medium semi-skilled work; and his work as a hand packager was medium unskilled work. In response to a hypothetical question based on the residual functional capacity as previously stated in Finding #6, Ms. Chandler stated that such a hypothetical individual could return to his past relevant work as a hand packager and industrial cleaner.
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as actually and generally performed.

(Doc. 11-3 at 8).

In the appeal to this Court, Plaintiff argued that the ALJ improperly found he could return to his past relevant work because the ALJ failed to acknowledge that there was a conflict between the VE's opinion and the Dictionary of Occupational Titles ("DOT"). Specifically, Plaintiff contended that pursuant to the DOT the hand packager and industrial cleaner positions require, at a minimum, basic literacy skills and that the VE and the ALJ erred in finding he could perform these jobs given the ALJ's finding that Plaintiff, a non-English speaker, is functionally illiterate. (Doc. 17 at 11-14).

The Court agreed with Plaintiff and on August 4, 2017, the Court remanded the case because at Step Four of the sequential evaluation the ALJ improperly determined that Plaintiff could perform his past work as a hand packager and industrial cleaner. The Court found that the ALJ erred because "the impact of Plaintiff's illiteracy on his ability to perform his past relevant work as actually performed was not given express consideration by the ALJ or the VE." (Doc. 22 at 8). The Court then found that the ALJ's decision was "not supported by substantial evidence," granted "Plaintiff's appeal from" Defendant's "administrative decision," and directed the Clerk "to enter judgment in favor of Plaintiff." (Doc. 22 at 9).

In the instant motion, Defendant seeks to have the judgment amended in favor of the Commissioner. (Doc. 24).

*///*

*///*

### III. LEGAL STANDARD

A district court may alter or amend its judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. However, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The Ninth Circuit explained,

> There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based;" 2) the moving party presents "newly discovered or previously unavailable evidence;" 3) the motion is necessary to 'prevent manifest injustice;" or 4) there is an "intervening change in controlling law."

*Turner v. Burlington Northern Santa Fe Railroad Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n. 1 (9th Cir.1999)). A motion to amend judgment under Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008).

### IV. DISCUSSION

Here, the Commissioner does not allege the existence of newly discovered evidence or an intervening change in the controlling law; therefore, the only question is whether the Court committed clear error that warrants an amendment of the judgment. The Commissioner argues that the ALJ's conclusion that Plaintiff can return to his past relevant work without clarifying the inconsistency with the VE should be deemed harmless because an ALJ can make a Step Four determination concerning past relevant work without receiving expert testimony from a VE.

Although not required at Step Four, for purposes of his Step Four determination, the ALJ consulted the VE to assess whether Plaintiff could perform his past relevant work. The ALJ accepted the VE's testimony that a hypothetical person with Plaintiff's vocational profile and RFC would be able to perform his past relevant work as a hand packager and an industrial cleaner, both as actually done and as generally done in the national economy. AR 30. Despite the Commissioner's contention that the ALJ need not obtain VE testimony at Step Four, the ALJ here chose to rely on the VE in making his Step Four finding regarding past relevant work. AR 30–31.

In those circumstances, the ALJ had the responsibility to include all relevant language limitations in the question to the VE. *See Blanco v. Colvin*, 2016 WL 7480259 (C.D. Cal. Dec. 29, 2016) at *11–12. He erroneously did not do so.

Second, the Commissioner argues that there is evidence throughout the record that Plaintiff could perform his past relevant work without speaking English. The Commissioner explains Plaintiff provided descriptions of his packager and cleaner jobs (in his work history report) "wherein he admitted he was not required to do any writing or complete any reports." (Doc. 24 at 3). Additionally, the Commissioner contends that "nothing in Plaintiff's testimony about his past jobs or in his attorney's questioning on vocational matters, indicated that Plaintiff's English skills had anything to do with his ability to work as a cleaner or a packager." (Doc. 24 at 3).

This argument asks the Court to alter its judgment based on grounds not explicitly considered by the ALJ. The Defendant attempts to rewrite the ALJ's decision and cite substantial evidence in the record by which the ALJ could have relied upon to conclude that Plaintiff could perform his past relevant work. However, the ALJ did not rely on this evidence to support his Step Four finding. Instead, the ALJ referred to and relied on the VE's opinion. During that testimony, the ALJ never asked whether plaintiff had used any English in performing his past work, plaintiff never testified that he did so and the VE never suggested that he did so, or must have done so. This court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947)) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."). As the Court noted in its Order, the ALJ failed to support his opinion with substantial evidence in the record. The Commissioner's belated arguments to the contrary are not sufficient to satisfy a Rule 59(e) motion.

**V. CONCLUSION AND ORDER**

As the Commissioner has failed to demonstrate that amendment of the judgment is

necessary to "correct manifest errors of law or fact upon which the judgment rests" or to "prevent manifest injustice," the Motion to Amend the Judgment (Doc. 24) is DENIED.

IT IS SO ORDERED.

Dated: **December 27, 2018** /s/ *Barbara A. McAuliffe* _
UNITED STATES MAGISTRATE JUDGE